IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNIE WILLIAMS, *individually and on behalf
of the wrongful death beneficiaries of*
Antwone Williams, deceased                                                                PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:15-CV-067-MPM-SAA

MANAGEMENT & TRAINING CORP., *et al.*                                    DEFENDANTS

## ORDER

Plaintiff has filed a motion to reconsider this court's January 28, 2016 order extending the discovery and expert disclosure deadlines for all parties. Docket 46. The order extended the CMO deadlines for a second time, but not for the duration plaintiff had requested. Docket 45. Now, with defendant's consent, plaintiff requests an additional one hundred twenty (120) days to allow plaintiff enough time to amend the complaint for a third time to add a claim for medical malpractice. Docket 46. Plaintiff also contends that one of her experts will not be able to produce his report by the expert disclosure deadline of February 20, 2016. Docket 46.

First, a motion for reconsideration is not a proper form of potential relief under either the FEDERAL RULES OF CIVIL PROCEDURE and the LOCAL UNIFORM CIVIL RULES. Although generally filed under Federal Rule of Civil Procedure 59(e), the Rules do not actually recognize a motion for reconsideration. *See Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (en banc). Instead, Rule 59(e), entitled "Motion to alter or amend a judgment", "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990).

Rule 72(a) of the FEDERAL RULES states:

> **(a) Nondispositive Matters.** When a pretrial matters not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Thus, any relief from the January 28 Order must be sought from the District Judge. Indeed, the court specifically stated in that Order that no further extensions of deadlines would be granted unless Judge Mills grants yet another continuance of the trial. Docket 45. *See O'Neal v. Cazes*, 257 Fed.Appz. 710 (denial of motion to extend deadlines was not abuse of discretion; deadline had already been extended, magistrate warned in bold type that deadline would not be extended again).

The parties already have now been given two extensions of the CMO deadlines and one trial continuance by Judge Mills, and this court was explicit that no more extensions would be granted absent a continuance by Judge Mills. It is

**ORDERED**

that plaintiff's uncontested motion to reconsider its second extension of the CMO deadlines is DENIED. The current scheduling deadlines will remain the same. Plaintiff is encouraged to consult Rule 72 of the FEDERAL RULES OF CIVIL PROCEDURE in the future for the appropriate procedure for objecting to a magistrate judge's pre-trial orders.

This the 17th day of February, 2016.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE